LARSON and others, Appellants, vs. EVENSON and others, Town Supervisors, Respondents.

*March 14—April 5, 1911.*

*Drains: Discontinuance: Statute construed.*

Proceedings to discontinue a ditch cannot be maintained under sec. 1380, Stats. (1898), before the ditch has been constructed. The phrase "laid out and constructed," in said statute, cannot be construed to mean "laid out *or* constructed."

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an appeal from a judgment quashing an alternative writ of *mandamus.* The appellants are resident freeholders of the town of Otsego, Columbia county, and the respondents are the supervisors of said town. In 1909 the then supervisors of the town laid out a ditch therein and assessed benefits against the lands of appellants, and other lands, resulting from the construction thereof. Upon an appeal by the appellant *Larson* herein from the order laying out the ditch, the order was affirmed by the commissioners. In May, 1910, one Dougherty began proceedings resulting in an order being entered by the circuit court for Columbia county directing the respondents herein to proceed to open and construct the ditch. For a large part of its course the ditch laid out follows the course of an old ditch still in existence. Before any work was done on the ditch last laid out, the appellants and other freeholders residing in said town petitioned the respondents for its discontinuance. Upon their refusal to act, appellants began this proceeding to compel action upon their petition.

*H. E. Andrews,* for the appellants.

For the respondents there was a brief by *W. C. Leitsch,* attorney, and *E. E. Brossard* and *H. L. Zeidler,* of counsel, and a separate brief by *E. E. Brossard,* counsel; and the cause was argued orally by *Mr. Leitsch* and *Mr. Brossard.*

VINJE, J.    Petitioners claim that the right to maintain proceedings to discontinue the ditch may be exercised even though it is not constructed.    The law governing the subject is sec. 1380, Stats. (1898), which provides:

"Any drain, ditch or watercourse laid out and constructed under the provisions of this chapter may be altered, widened, deepened or discontinued by the same authority, and upon like application, petition and proceedings, so far as applicable, required to be taken for laying out and constructing the same."

The language of the statute is plain, unambiguous, and susceptible of but one interpretation, namely, that before the ditch can be *discontinued* it must be constructed.    This interpretation is conceived to be in harmony not only with the statute laws, but with physical laws as well; for it might be found embarrassing to discontinue that which does not exist. Of course the order laying out the ditch might be vacated before the ditch is dug if the statute so provided.    But the statute does not so provide, and this is not such a proceeding. We are asked to construe the statute to read "laid out *or* constructed."    It is a sufficient justification for refusing to comply with the request to say the legislature did not so enact. And it did not for good reasons.    The question as to whether or not a ditch shall be laid out and constructed is litigated before the supervisors upon the application therefor, and on appeal to commissioners provided by statute.    The determination of that question in the manner prescribed by law is final.    It appears that the petitioners, or one of them at least, exhausted that remedy, but not with satisfactory results.    It is now sought to accomplish the object then defeated under the guise of proceedings to discontinue the ditch; for it is apparent that the real effect thereof, if successful, would be to vacate the order laying it out.    This cannot be done.    Petitioners have had their day in court on that question and they must abide by the result.    It was appreciated, however,

that after the ditch was constructed conditions might, in the
near or remote future, so change as to make it desirable to
discontinue it—hence the provisions of the statute.    The leg-
islature wisely chose the word *and* instead of *or,* and the cir-
·cuit court properly quashed the alternative writ of *mandamus.*

*By the Court.*—Judgment affirmed. · ·